**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL TALMADGE, | : | |
| Plaintiff, | : | Civil Action 07-4825 (JLL) |
| v. | : | **O P I N I O N** |
| THE HERALD NEWS, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    MICHAEL TALMADGE, Plaintiff <u>pro se</u>
    #190270
    Passaic County Jail
    Patterson, New Jersey  07501

**Jose L. Linares, District Judge**

    Plaintiff MICHAEL TALMADGE (hereinafter "Plaintiff") currently confined at Passaic County Jail, Patterson, New Jersey, seeks to bring this 42 U.S.C. § 1983 action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted his affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998). Plaintiff also submitted for filing his complaint (hereinafter "Complaint"). The Complaint indicates that Plaintiff has instituted the instant matter on behalf of himself, as well as on behalf of unspecified members of Plaintiff's immediate family.

Plaintiff alleges that his and his family's injuries resulted from an August 10, 2007, publication made by the Herald News. See Compl. ¶¶ 6(4), 6(5).[1] Plaintiff asserts that the published article (a) unduly related his activities (and his current confinement) to unspecified criminal gang activities, and (b) unduly disclosed Plaintiff's full name and address. See id. Plaintiff maintains that the fact of the aforesaid publication inflicted injury upon Plaintiff by preventing his identity from being confidential and, in addition, subjected Plaintiff's immediate family to the possibility of "retaliation" by unspecified entities. See id. ¶ 6(1). Relying on legal theories of slander and libel, Plaintiff now seeks declaratory and injunctive relief, as well as compensatory and punitive damages. See id. ¶ 7. Plaintiff names as Defendants in this action the following parties: (a) the newspaper itself; (b) a juridical entity owning the newspaper; (c) the newspaper's editor; (d) unspecified entities identified as "Defendants John Does and Jane Does 1-10," and (e) unspecified entities identified as "XYZ." Compl., caption.

Based on Plaintiff's affidavit of poverty, account statement and the absence of three dismissals within 28 U.S.C. § 1915(g), this Court finds that Plaintiff qualifies for prisoner in forma

---

[1] These numbers in parentheticals refer to the numbered allegations in Paragraph 6, the "Statement of Claims" section, in Plaintiff's Complaint.

pauperis status.  For the reasons stated below, the Court will dismiss Plaintiff's Complaint with prejudice.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however,

lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines, 404 U.S. at 520).

## DISCUSSION

### A.   Jus Tertii Claims

Plaintiff cannot bring any claims on behalf of his unspecified family members. Under the "next friend" doctrine, standing is allowed to a third person so this third person could file and pursue a claim in court on behalf of someone who is unable to do so on his or her own. The doctrine dates back to the English Habeas Corpus Act of 1679 and provides a narrow exception to the "case in controversy" requirement set forth in the Article III of Constitution. See Whitmore v. Arkansas, 495 U.S. 149, 161-62 (1990).

The Whitmore Court set out two requirements that should be met by the one seeking to qualify for "next friend" standing: (1) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [(s)he] seeks to litigate" (and it has been further suggested that a "'next friend' must have some significant relationship with the real party in interest"; and

(2) "the 'next friend' must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64. The burden is on the "next friend" to justify his/her status and, thereby, to obtain the jurisdiction of the federal courts. See id. at 164.

In view of these requirements, this Court cannot recognize Plaintiff as his family's "next fiend." Even if this Court is to presume that Plaintiff's relationship with his unidentified family members is such that Plaintiff is "truly dedicated to the best interests" of those family members, accord Gilmore v. Utah, 429 U.S. 1012, 1013-14 (1976) (recognizing "next friend" standing of mother on behalf of prisoner); Evans v. Bennett, 440 U.S. 1301, 1304 (1979) (same), the Court has no basis to presume that Plaintiff's family members suffer of mental incompetence or other disability preventing them from bringing an action in their own name.[2] Moreover, even if the Court is to hypothesize that Plaintiff, somehow, has standing to raise claims of his family members jus tertii, these claims are still invalid since they assert a purely speculative injury, i.e., a mere Plaintiff's conjecture that his family members might be subjected to a

---

[2] Even if the Court is to presume that Plaintiff's family members include minors in Plaintiff's legal custody, the Complaint does not indicate that these minors do not have another custodial parent.

"retaliation" by unspecified entities. See <u>Kirby v. Siegelman</u>, 195 F.3d 1285 (11th Cir. 1999) (spelling out that a 42 U.S.C. § 1983 claim by a prisoner about his post-release condition cannot be deemed ripe for adjudication where the prisoner was not yet released and, thus, not yet suffered any injury); <u>Rouse v. Pauliilo</u>, No. 05-5157, 2006 WL 932076 (D.N.J. Apr. 7, 2006) (same).

Therefore, Plaintiff's claims raised <u>jus tertii</u> will be dismissed for lack of standing.

**B.   Plaintiff's Claims: Color of Law Requirement**

Even if Plaintiff had standing to raise the claims of his family members <u>jus tertii</u>, the Complaint still has to be dismissed in its entirety, since neither Plaintiff's claims nor those raised <u>jus tertii</u> state a claim upon which relief can be granted in view of Plaintiff's failure to meet the "color of law" requirement.

To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws.[3]  See <u>Groman v. Twp. of Manalapan</u>, 47 F.3d

---

[3] Section 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See id. at 633.

"The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. Id.

The United States Supreme Court has articulated several instances where a private party's actions may be fairly

---

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

attributed to state action, including when: (1) it results from the State's exercise of "coercive power"; (2) the State provides significant encouragement, either overt or covert; (3) a private actor operates as a willful participant in joint activity with the State or its agents; (4) a nominally private entity is controlled by an agency of the State; (5) a private entity has been delegated a public function by the State; or (6) the private entity is entwined with governmental policies, or the government is entwined in its management or control. Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001) (internal quotations and citations omitted). The Court, in deciding whether a particular action or course of action by a private party is governmental in character, must examine: (1) the extent to which the actor relies on governmental assistance and benefits; (2) whether the actor is performing a traditional public function; and (3) whether the injury caused is aggravated in a unique way by the incidents of governmental authority. Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621 (1991).

  In the case at bar, Plaintiff does not indicate how a newspaper, or a newspaper editor, operated under the color of law. The Complaint contains no statement suggesting even a remote connection between the government officials and the newspaper, or its owners, or its staff. It appears that the

newspaper merely published an article it deemed newsworthy.[4] Consequently, Plaintiff's Complaint fails to state a claim upon which relief may be granted as against the newspaper, or its owners, or its staff.

C.  **Defendants John/Jane Does and XYZ**

Personal involvement by a defendant is an indispensable element of a valid legal claim, and it may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Where no personal involvement by the defendant is asserted, Plaintiff's claim against that defendant is subject to dismissal. See id. Since Plaintiffs' allegations against Defendants John/Jane Does, 1 to 10, and Defendants XYZ is limited merely to listing these Defendants in the caption of his Complaint, the Court has no grounds to presume that Plaintiff might be able to either identify or state any claim against these Defendants. Consequently, Plaintiff's "allegations" against Defendants John/Jane Does, 1 to 10, and Defendants XYZ will be dismissed for

---

[4] The Court enters no opinion as to whether the content of the article might qualify as libel in a common law tort action. The Court notes that the publication cannot qualify as "slander," since the tort of slander presumes a harmful statement in a transitory form, e.g., speech. See Restatement (Second) of Torts, § 568 (1977).

failure to state a claim upon which a relief may be granted.[5]

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee and dismisses the Complaint with prejudice for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
JOSE L. LINARES
United States District Judge

Dated: October 22, 2007

---

[5] The sole fact that Plaintiffs do not know the identities of defendants does not necessarily nullify Plaintiffs' claims. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) ("Plaintiffs may be unaware of the identities and roles of relevant actors and, owing to their incarceration or institutionalization, unable to conduct a pre-trial investigation to fill in the gaps. But by itself, this lack of knowledge does not bar entry into a federal court. The principles of notice pleading and the liberal discovery rules allow for meritorious claims to proceed even if a confined prisoner cannot adduce all the necessary facts at the outset"). The Court, however, needs to have at least some assurances that the unidentified parties (a) were actually involved in the alleged wrongdoings, and (b) could be identified and served with process in a reasonable future. See id.; see also Rode, 845 F.2d at 1207.